19X89385
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ERIN WHELAN, SARAH E. GARCIA, DANIELLE A.
READ, PATRICK B. ODIERNA AND BRENDON S.
LAFFERTY,

                                            Docket No. 19-CV-82
                                            (JMA)(AKT)

                   Plaintiffs,

                                            **ANSWER**

                -against-

COUNTY OF NASSAU, LIEUTENANT JAMES BROWN
#8143, SERGEANT FRANK DISCALA #8367, LIEUTENANT
RONALD W. GIUMENTA, LIEUTENANT THOMAS J.
MCGOWAN, POLICE OFFICER ROBERT D. GALGANO,
POLICE OFFICER DANIEL P. CONCANNON, POLICE
OFFICER JEREMY SEPULVEDA #9425, FIRE MARSHAL
JOHN B. KELLEHER, JR. POLICE OFFICER ALEXANDER
SHIELD #9422, (FIRST NAME UNKNOWN), POLICE OFFICER
DILENA SHIELD #9352 (FIRST NAME UNKNOWN), AND
JOHN AND JANE DOES 1-13,

                   Defendants.
---------------------------------------------------------------x

       The defendants, COUNTY OF NASSAU, LIEUTENANT JAMES BROWN #8143, SERGEANT FRANK DISCALA #8367, LIEUTENANT RONALD W. GIUMENTA, LIEUTENANT THOMAS J. MCGOWAN, POLICE OFFICER ROBERT D. GALGANO, POLICE OFFICER DANIEL P. CONCANNON, POLICE OFFICER JEREMY SEPULVEDA #9425, FIRE MARSHAL JOHN B. KELLEHER, JR. POLICE OFFICER BRIAN ALEXANDER SHIELD #9422, POLICE OFFICER MICHAEL DILENA SHIELD #9352 appearing herein by their attorney, JARED A. KASSCHAU, Nassau County Attorney of Nassau County, by CALLAN TAUSTER, Deputy County Attorney, for its answer to the complaint herein, sets forth upon information and belief, as follows:

## AS AND FOR AN ANSWER TO SECTION: PRELIMINARY STATEMENT:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint and refers questions of law to the Court.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint and refers questions of law to the Court.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the complaint and refers questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint and refers questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint and refers questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: PARTIES:

6. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the complaint, except admit that the County of Nassau is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

8. Deny allegations contained in paragraph 8 of the complaint and refers questions of law to the Court.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the complaint and refers questions of law to the Court.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint and refers questions of law to the Court.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint and refers questions of fact to the Court.

## AS AND FOR AN ANSWER TO SECTION: FACTUAL AND GENERAL ALLEGATIONS:

12. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 12 of the complaint and refer questions of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the complaint and refers questions of law to the Court.

14. Deny the allegations contained in paragraph numbered 14 of the complaint.

15. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 15 of the complaint.

16. Deny the allegations contained in paragraph numbered 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 17 of the complaint.

18. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the complaint and refers questions of law to the Court.

20. Deny the allegations contained in paragraph numbered 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the complaint.

22. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 22 of the complaint.

23. Deny the allegations contained in paragraph 23 of the complaint and refers questions of law to the Court.

24. Deny allegations contained in paragraph 24 of the complaint.

25. Deny allegations contained in paragraph 25 of the complaint.

26. Deny allegations contained in paragraph numbered 26 of the complaint.

27. Deny allegations contained in paragraph numbered 27 of the complaint.

28. Deny allegations contained in paragraph numbered 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 29 of the complaint.

30. Deny allegations contained in paragraph 30 of the complaint.

31. Deny allegations contained in paragraph 31 of the complaint.

32. Deny allegations contained in paragraph 32 of the complaint.

33. Deny allegations contained in paragraph 33 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 35 of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 36 of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 37 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 38 of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 39 of the complaint.

40. Deny allegations contained in paragraph 40 of the complaint.

41. Deny allegations contained in paragraph numbered 41 of the complaint.

42. Deny allegations contained in paragraph numbered 42 of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 43 of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 44 of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 45 of the complaint.

46. Deny allegations contained in paragraph numbered 46 of the complaint.

47. Deny allegations contained in paragraph numbered 47 of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 48 of the complaint.

49. Deny allegations contained in paragraph numbered 49 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the complaint and refers questions of law to the Court.

51. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the complaint..

53. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the complaint.

55. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 55 of the complaint.

56. Deny allegations contained in paragraph numbered 56 of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the complaint.

58. Deny allegations contained in paragraph 58 of the complaint.

59. Deny allegations contained in paragraph numbered 59 of the complaint.

60. Deny allegations contained in paragraph numbered 60 of the complaint.

61. Deny allegations contained in paragraph numbered 61 of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 62 of the complaint.

63. Deny the allegations contained in paragraph 63 of the complaint.

64. Deny allegations contained in paragraph numbered 64 of the complaint.

65. Deny allegations contained in paragraph numbered 65 of the complaint.

66. Deny allegations contained in paragraph numbered 66 of the complaint.

67. Deny allegations contained in paragraph 67 of the complaint.

68. Deny allegations contained in paragraph numbered 68 of the complaint.

## AS AND FOR AN ANSWER TO SECTION:
## AS AND FOR A FIRST CAUSE OF ACTION:

69. Responding to paragraph 69 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 68, above, with the same force and effect as if fully set forth at length herein.

70. Deny allegations contained in paragraph numbered 70 of the complaint.

71. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 71 of the complaint.

72. Deny the allegations contained in paragraph 72 of the complaint.

73. Deny the allegations contained in paragraph 73 of the complaint.

74. Deny allegations contained in paragraph numbered 74 of the complaint.

75. Deny allegations contained in paragraph 75 of the complaint.

76. Deny allegations contained in paragraph 76 of the complaint.

77. Deny allegations contained in paragraph 77 of the complaint.

### AS AND FOR AN ANSWER TO SECTION: 
### AS AND FOR A SECOND CAUSE OF ACTION:

78. Responding to paragraph 78 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 77 above, with the same force and effect as if fully set forth at length herein.

79. Deny allegations contained in paragraph 79 of the complaint.

80. Deny allegations contained in paragraph 80 of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 81 of the complaint.

82. Deny allegations contained in paragraph 82 of the complaint.

83. Deny allegations contained in paragraph 83 of the complaint.

84. Deny allegations contained in paragraph 84 of the complaint.

85. Deny allegations contained in paragraph 85 of the complaint.

## AS AND FOR AN ANSWER TO SECTION: AS AND FOR A THIRD CAUSE OF ACTION:

86. Responding to paragraph 86 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 85, above, with the same force and effect as if fully set forth at length herein.

87. Deny allegations contained in paragraph 87 of the complaint

88. Deny allegations contained in paragraph 88 of the complaint.

89. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered 89 of the complaint.

90. Deny allegations contained in paragraph 90 of the complaint.

91. Deny allegations contained in paragraph 91 of the complaint.

92. Deny allegations contained in paragraph 92 of the complaint.

93. Deny allegations contained in paragraph 93 of the complaint.

## AS AND FOR AN ANSWER TO SECTION: AS AND FOR A FOURTH CAUSE OF ACTION:

94. Responding to paragraph 94 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 93, above, with the same force and effect as if fully set forth at length herein.

95. Deny allegations contained in paragraph 95 of the complaint.

96. Deny allegations contained in paragraph 96 of the complaint.

97. Deny allegations contained in paragraph 97 of the complaint.

98. Deny allegations contained in paragraph 98 of the complaint.

99. Deny allegations contained in paragraph 99 of the complaint.

100. Deny allegations contained in paragraph 100 of the complaint.

### AS AND FOR AN ANSWER TO SECTION:
### AS AND FOR A FIFTH CAUSE OF ACTION:

101. Responding to paragraph 101 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 100, above, with the same force and effect as if fully set forth at length herein.

102. Deny allegations contained in paragraph 102 of the complaint.

103. Deny allegations contained in paragraph 103 of the complaint.

104. Deny allegations contained in paragraph 104 of the complaint.

105. Deny allegations contained in paragraph 105 of the complaint.

106. Deny allegations contained in paragraph 106 of the complaint.

### AS AND FOR AN ANSWER TO SECTION:
### AS AND FOR A SIXTH CAUSE OF ACTION:

107. Responding to paragraph 107 of the complaint, Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 106, above, with the same force and effect as if fully set forth at length herein.

108. Deny allegations contained in paragraph 108 of the complaint.

109. Deny the allegations contained in paragraph 109 of the complaint.

110. Deny allegations contained in paragraph 110 of the complaint.

111. Deny allegations contained in paragraph 111 of the complaint.

112. Deny allegations contained in paragraph 112 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

113. That should plaintiffs recover damages as a result of finding of liability in whole or in part as against the defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence of plaintiffs in contributing to such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

114. Plaintiffs have not complied with § 50-e and/or 50-I and/or 50-h of the General Municipal Law of the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

115. Plaintiffs have failed to mitigate damages in this matter.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

116. The plaintiffs fail to state a cause of action against the County of Nassau upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

117. That at all the times mentioned in the complaint and herein mentioned, all employees of the defendant COUNTY OF NASSAU alleged to have anything to do with the plaintiffs acted in good faith and without malice.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

118. The actions complained of were in full accord with the applicable law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

119. The alleged acts of conduct of the named defendants herein, under the case of Monell v. New York City Department of Social Services does not create vicarious liability

pursuant to the doctrine of respondeat superior and consequently Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

120. At all applicable time herein defendants are entitled to the reckless disregard standard.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

121. Plaintiffs' constitutional and statutory rights have not been violated by the named defendants herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

122. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

123. Plaintiffs have not complied with § 52 of the County Law of the State of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

124. Punitive damages may not be recovered against the County of Nassau as a matter of law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

125. If the plaintiffs sustained the damages as alleged in the complaint, such damages were sustained solely through and by virtue of the negligent, reckless, wrongful and/or improper conduct of the plaintiffs without any negligence, recklessness,

wrongdoing and/or improper conduct on the part of the individually named defendants, the County of Nassau, its agents, servants or employees contributing thereto.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

126. The alleged acts or omissions of the defendants were not the proximate cause of any injuries or damages allegedly incurred by plaintiffs. Any injuries or damages allegedly incurred by plaintiffs were the result of their own actions, the actions of others and/or the superseding intervention of causes outside the control of the defendants.

**WHEREFORE**, the defendants, COUNTY OF NASSAU, LIEUTENANT JAMES BROWN #8143, SERGEANT FRANK DISCALA #8367, LIEUTENANT RONALD W. GIUMENTA, LIEUTENANT THOMAS J. MCGOWAN, POLICE OFFICER ROBERT D. GALGANO, POLICE OFFICER DANIEL P. CONCANNON, POLICE OFFICER JEREMY SEPULVEDA #9425, FIRE MARSHAL JOHN B. KELLEHER, JR. POLICE OFFICER ALEXANDER SHIELD #9422, (FIRST NAME UNKNOWN), POLICE OFFICER DILENA SHIELD #9352 (FIRST NAME UNKNOWN), demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: Mineola, New York
      March 4, 2019

                                          Yours, etc.,

                                          **JARED A. KASSCHAU**
                                          County Attorney of Nassau County

                                          By: _____
                                          CALLAN TAUSTER
                                          Attorney for Defendants

One West Street
Mineola, New York 11501

To: Anthony M. La Pinta, Esq. (By ECF)
Reynolds, Caronia, Gianelli & La Pinta, P.C.
200 Vanderbilt Parkway, Suite C-17
Hauppauge, New York 11788
(631) 231-1199
Attorney for Plaintiffs

## CORPORATE VERIFICATION

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF NASSAU )

        Callan Tauster, being an attorney duly admitted to practice in the State of New York, affirms that I am a Deputy County Attorney of the County of Nassau herein, that I have read the foregoing Answer and know the contents thereof, and that the same is true to my own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

        Deponent further says that the reason this verification is made by deponent and not by the County of Nassau is because the said County of Nassau is a Municipal corporation, and deponent an officer thereof, to wit its Deputy County Attorney.

        The undersigned attorney hereby affirms that the foregoing statements are true under the penalties of perjury.

Dated: Mineola, NY
        March 4, 2019

_____
Callan Tauster